JUDGE RAMOS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**13 CIV 8372**

------------------------------------------------------------X
GARY HYDE,

                          Plaintiff,

          - against -

POLICE OFFICER THOMAS AMATO (Tax ID 945134),
SERGEANT NICOLE FEBUS (Tax ID 934843),
POLICE OFFICER BRETT SCHANTZ (Tax ID 947471),
POLICE OFFICER JOHN DOE(S) #'s 1-3,

                          Defendants.
------------------------------------------------------------X

**COMPLAINT**

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES**

RECEIVED
NOV 22 2013
U.S.D.C. S.D.N.Y.
CASHIERS

Plaintiff, **GARY HYDE**, by his attorneys, NASS & ROPER LAW, LLP, complaining of the Defendants, respectfully alleges, upon information and belief, as follows:

## I. PRELIMINARY STATEMENT

1. This is a civil rights action in which Plaintiff, **GARY HYDE**, seeks damages to redress the deprivation, under color of state law, of rights secured to him under the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution. On or about March 6, 2011, Plaintiff was working on a construction project that he was hired to complete when Defendants approached him and accused him of possessing a weapon. Plaintiff was maliciously prosecuted for over two years by Defendants including, but not limited to, **POLICE OFFICER THOMAS AMATO (Tax ID 945134), SERGEANT NICOLE FEBUS (Tax ID 934843), POLICE OFFICER BRETT SCHANTZ (Tax ID 947471), and POLICE OFFICER JOHN/JANE DOE(S) #'S 1-3.** It is alleged that Defendants falsely arrested Plaintiff in violation of his constitutional rights, and maliciously prosecuted him. As a result

of the constitutional deprivations by Defendants, Plaintiff suffered mental injuries, loss of wages and loss of property.

## II. JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §1343 (3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. §1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States. This Court has pendant jurisdiction over Plaintiff's state law claims.

## III. PARTIES

3. Plaintiff, **GARY HYDE**, at all times relevant hereto, resided at 244 West 104th Street, in apartment 1B and in the City and State of New York.

4. Defendants, **POLICE OFFICER JOHN/JANE DOE(S) #'s 1-3**, were NYPD police officers, and at all relevant times hereto, acted in that capacity as agents, servants, and/or employees of Defendant CITY and within the scope of their employment.

5. Defendant **POLICE OFFICER BRETT SCHANTZ** (Tax ID 947471) was an NYPD police officer with the 42nd Precinct, located at 830 Washington Ave, Bronx, NY 10452 and at all relevant times hereto, acted in that capacity as an agent, servant, and/or employee of New York City and the NYPD and within the scope of their employment.

6. Defendant **SERGEANT NICOLE FEBUS** (Tax ID 934843) was an NYPD police officer with the 42nd Precinct, located at 830 Washington Ave, Bronx, NY 10452 and at all relevant times hereto, acted in that capacity as an agent, servant, and/or

13. Plaintiff was processed and issued a Desk Appearance Ticket for the crime of Criminal Possession of a Weapon in the Fourth Degree §265.01.

14. Plaintiff then began a long and arduous legal battle, including approximately twelve (12) appearances in court defending himself against said charges for over two years.

15. At trial, two officers testified and one person from the District Attorney's office testified against Plaintiff, **GARY HYDE**.

16. Plaintiff, **GARY HYDE**, was acquitted at trial and all charges were dismissed.

## V. FIRST CAUSE OF ACTION
### Pursuant to §1983 (FALSE ARREST)

17. Paragraphs 1 through 16 of this complaint are hereby re-alleged and incorporated by reference herein.

18. That Defendants had neither valid evidence for the arrest of Plaintiff nor legal cause or excuse to seize and detain him for approximately seven (7) hours.

19. That in detaining Plaintiff for approximately seven (7) hours, and without a fair and reliable determination of probable cause, Defendants abused their power and authority under the color of State and/or local law.

20. By reason of Defendants acts and omissions, Defendants, acting under color of state law and within the scope of its authority, in gross and wanton disregard of Plaintiff's rights, subjected Plaintiff to an unlawful detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

21. By reason of the foregoing, Plaintiff suffered mental injuries, deprivation of liberty and privacy, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VI. SECOND CAUSE OF ACTION
## Pursuant to §1983 (MALICIOUS PROSECUTION)

22. Paragraphs 1 through 21 are hereby re-alleged and incorporated by reference herein.

23. That Defendants, with malicious intent, arrested Plaintiff and initiated a criminal proceeding despite the knowledge that Plaintiff had committed no crime.

24. That the criminal matter against Plaintiff was terminated in his favor and Plaintiff was acquitted after trial on or around May 16, 2013.

25. That there was no probable cause for the arrest and criminal proceeding.

26. That Defendants testified maliciously against Plaintiff at his trial.

27. That by reason of Defendants' acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiff's rights, deprived Plaintiff of his liberty when they maliciously prosecuted him and subjected him to an unlawful, illegal and excessive detention, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

28. That by reason of the foregoing, Plaintiff suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer, loss of property, emotional pain, suffering, inconvenience, injury to his reputation, loss of enjoyment of life, loss of liberty and other non-

pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

WHEREFORE, Plaintiff respectfully requests that judgment be entered:

1. Awarding Plaintiff compensatory damages in a full and fair sum to be determined by a jury;
2. Awarding Plaintiff punitive damages in an amount to be determined by a jury;
3. Awarding Plaintiff interest from March 6, 2011; and
4. Awarding Plaintiff reasonable attorney's fees pursuant to 42 USC §1988; and
5. Granting such other and further relief as to this Court seems proper.

Dated: New York, NY
November 19, 2013

Yours, etc.

EVAN H. NASS, ESQ.
*ATTORNEY FOR PLAINTIFF*
NASS & ROPER LAW, LLP
14 PENN PLAZA, SUITE 2004
NEW YORK, NEW YORK 10122

## ATTORNEY'S VERIFICATION

EVAN H. NASS, ESQ., an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney and member of NASS & ROPER LAW, LLP, attorneys for Plaintiff, GARY HYDE. I have read the annexed COMPLAINT and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason this verification is made by me and not Plaintiff is that Plaintiff is not presently in the county wherein the attorneys for the Plaintiff maintain their offices.

DATED:  New York, New York
        November 19, 2013

                                                            _____
                                                            EVAN H. NASS, ESQ.

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GARY HYDE,

                        Plaintiff,

– against –

CITY OF NEW YORK, ET AL.

                        Defendants.

**SUMMONS & VERIFIED COMPLAINT**

NASS & ROPER LAW, LLP
*Attorneys for Plaintiff*
GARY HYDE
14 Penn Plaza, Suite 2004
New York, New York 10122
(718) 775-3246
Fax: (718) 775-3246*

---

* Not for service of papers.